WM. ZIMMERMAN AND JOHN MARK

VS.

THE MERCHANT'S NATIONAL BANK OF CHARLESTON, VA.

THE sheriff's return, showing regular service of declaration and notice of rule to plead as commencement of suit, cannot be contradicted for the purpose of invalidating the proceedings founded thereon; but it may be contradicted to show excuse for default.

*Saginaw Circuit Court,* 1868.

*J. J. Wheeler*, for Plaintiff.

*Webber & Smith*, for Defendant.

*By the Court*, SUTHERLAND, J. — The motion made in this case is to set aside the proceedings for want of service with the declaration, of a notice of the rule to plead. There is a return of the sheriff, that he served the declaration and notice of the rule in the usual form — but the defendant offers a counter showing, contradictory the return as to the notice.

In certain exceptional cases, as where motions to amend are made, a default to be excused, or where the purpose of the contradiction is not to invalidate a proceeding which appears fair and regular on its face, the return of the officer may be contradicted; and this may be done in respect to statements of matters of opinion, or of collateral facts; but not of acts returned as done, which are required of him in the performance of his duty in pursuance of the precept returned; or in pursuance of the statute applicable to him, as, in case of a declaration. The jurisdiction of the Court depends on his return, and it is matter of record when it has been filed, against which there can be no averment to destroy its effect in favor of the party, though it is not conclusive in favor of the officer, or against those persons who are technically strangers. If service is made by any other person, and such service is proved by affidavit, there would be reason in favor of allowing the showing to be contradicted. The plaintiff, by not employing the ministerial officer of the Court, deprives the defendant of the security provided by law, in case of recovery, for false return.

The case of *Wendall vs. Wearridge*, 19 *N. H.*, 113, is not opposed to this view. There, a return not sufficient on its face, was sought to be amended by supplying some deficiency; against this motion, it was allowed to be shown that the service was not sufficient, — and on the ground that the record, as it stood, was not valid to support the jurisdiction. There are several cases cited in the briefs in that case, from New Hampshire reports, which I have consulted, and they support the positions here taken.

The motion must be denied, but the default may be set aside, on filing an affidavit of merits, and paying the costs of this motion, including an attorney fee of three dollars.